In the Matter of Martine Associates, Respondent, v. Robert E. Herman, as State Rent Administrator, Appellant.— In a proceeding by landlords under article 78 of the former Civil Practice Act, to review a determination of the then State Rent Administrator denying the landlords' protest and affirming the Local Rent Administrator's order revoking, on the ground of fraud, a prior order of rent increase, the parties cross-appeal as follows from an order of the Supreme Court, Westchester County, entered July 22, 1963 upon reargument, which annulled in part and which confirmed in part such determination: (1) The State Rent Administrator appeals from so much of said order as annulled his determination and remanded the proceeding to him for further appropriate action. (2) The landlords appeal from so much of said order as confirmed the State Rent Administrator's determination insofar as it affirmed the Local Rent Administrator's order revoking the rent increases based upon the installation of kitchen cabinets. Order, insofar as appealed from by the respective parties, reversed on the law and the facts, without costs, and petition dismissed, without prejudice to the landlords' filing and prosecution of a proper application *de novo* for an appropriate rent increase upon any valid basis sustainable by proper proof. The landlords sought an increase in rent based upon: (a) the furnishing of increased services and equipment other than kitchen cabinets; and (b) the installation of new kitchen cabinets. Initially, such increase was granted by the Local Rent Administrator. Later he revoked his order granting the increase with respect to both items. The revocation was based on the ground that the landlords had submitted fraudulent bills to support their requested increase for the *kitchen cabinets*. The State Rent Administrator affirmed the action of the Local Rent Administrator. The Special Term affirmed the action of both Administrators with respect to the revocation of the increase for the installation of the new kitchen cabinets, but reversed their action with respect to the revocation of the increase for the furnishing of increased services and equipment other than the kitchen cabinets. The Special Term remitted the matter of the increase for the latter item to the State Rent Administrator "for appropriate and expeditious administrative action." The learned Special Term Justice held that the landlords' fraud with respect to a single item does not afford sufficient ground for invalidating the entire application. We are constrained to disagree. When an application for a rent increase which requires the approval of the Rent Administrator is submitted to him for such approval, he may summarily deny the application *in toto* if he finds the landlord guilty of deliberate fraud with respect to any material part of the application. Here it clearly appears that the landlords deliberately entered into a scheme to have their contractor submit exorbitant bills for the new kitchen cabinets. The same contractor apparently furnished the landlords other kitchen equipment, such as gas ranges,

refrigerators, etc. In such circumstances it surely is not incumbent upon the Local or State Administrator to waste the time and energy of his staff to ferret out the true from the false for the benefit of the defrauding landlords. As the Appellate Division in the First Department recently stated: "The Administrator need not examine the applications in a piecemeal fashion to determine which portions of the sought-for increases have bona fide support and which rest upon fraud. If the Administrator finds an application to be tainted with fraud she need not be burdened with the task of segregating the true from the false. If the applications contained errors resulting from honest mistakes or inadvertence the Administrator should and perhaps would segregate the good from the bad. But an applicant can hardly complain if the Administrator refuses to assume this additional task where it is found that the applications are tainted by deliberate fraud" (*Matter of Lucot, Inc.* v. *Gabel*, 20 A D 2d 94). The landlords, of course, should not be precluded from filing a new application for a rent increase based on facts which are untainted by fraud; and such application should be determined on its merits. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.